# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shareema Moore,                              :
                    Petitioner               :
                                             :
          v.                                 :     No. 411 C.D. 2018
                                             :     Submitted:  September 14, 2018
Pennsylvania Board of                        :
Probation and Parole,                        :
                    Respondent               :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge


*OPINION NOT REPORTED*


MEMORANDUM OPINION
BY JUDGE BROBSON                        FILED:  December 6, 2018


          Petitioner Shareema Moore[1] (Moore) petitions for review of an order
of the Pennsylvania Board of Probation and Parole (Board).  The Board denied
Moore's petition for administrative relief, in which she sought to challenge the
Board's recalculation of her maximum sentence date.  Moore's counsel, R. Benjamin
Sperry, Esquire (Counsel), filed a motion to withdraw as counsel.  Counsel asserts,
as expressed in his "no-merit" letter, that the issues Moore raises in her petition for
review are without merit.  We now grant Counsel's motion to withdraw as counsel
and affirm the order of the Board.

---

[1] Petitioner is also known as Nichola Hewlett, and the certified record includes references
to Petitioner as both Shareema Moore and Nichola Hewlett.

Moore had been incarcerated at a State Correctional Institution when the Board granted her parole and released her on March 21, 2014. (Certified Record (C.R.) at 30.) At the time of her parole, Moore had a maximum sentence date of March 3, 2017. (*Id.* at 38.) On January 19, 2015, the Pennsylvania State Police arrested Moore and charged her with several offenses related to an incident involving retail theft and aggravated assault. (*Id.* at 43.) On that same date, the Board issued a detainer against Moore. (*Id.* at 50.) By Board action recorded on February 19, 2015, the Board recommitted Moore as a Technical Parole Violator to serve 6 months at a State Correctional Institution. (*Id.* at 54.) Moore posted bail on August 24, 2015. (*Id.* at 145.) On October 27, 2016, the Court of Common Pleas of Delaware County accepted Moore's plea of nolo contendere on a charge of robbery. (*Id.* at 91.) The sentencing judge sentenced Moore to a maximum of no more than "2 years less a day." (*Id.* at 85.) The sentencing order provides that Moore shall receive "no credit for time served up to [October 28, 2016]." (*Id.*) By Board action recorded on January 31, 2017, the Board recommitted Moore as a Convicted Parole Violator to serve 36 months or her unexpired term, whichever is less, concurrently, when available, upon Moore's completion of parole from her county sentence and her return to a State Correctional Institution. (*Id.* at 108.) Moore was returned to the custody of a State Correctional Institution on September 11, 2017. (*Id.* at 113.) By Board action recorded on September 29, 2017, the Board recalculated Moore's maximum sentence date to June 21, 2019. (*Id.*)

Moore then filed an administrative appeal from the Board's decision. (*Id.* at 115.) In that appeal, Moore challenged the Board's calculation of her sentence, alleging, *inter alia*, that she should have received credit to her new sentence for the period beginning on January 19, 2015, pending the resolution of her

2

criminal charges. (*Id.* at 116-17.) The Board denied Moore's administrative appeal, reasoning:

> The [B]oard paroled you to your state detainer sentence on March 21, 2014 with a max date of March 3, 2017. This left you with a total of 1078 days remaining on your sentence at the time of parole. The Board's decision to recommit you as a convicted parole violator authorized the recalculation of your sentence to reflect that you receive[d] no credit for the time you were at liberty on parole. 61 Pa. C.S. § 6138(a)(2). In this case, the [B]oard did not award you credit for time at liberty on parole. This means you still had a total of 1078 days remaining on your sentence based on your recommitment.
>
> On January 19, 2015 the [B]oard lodged its detainer against you. Also on January 19, 2015 you were arrested for new criminal charges in the Court of Common Pleas of Delaware County at docket number 1022-2015. You posted bail on August 24, 2015. You were sentenced on October 27, 2016 to a county term and granted parole on September 11, 2017.
>
> Based on these facts, the [B]oard awarded you backtime credit from August 24, 2015 to October 27, 2016 (430 days). Subtracting this 430 days, means you still had a total of 648 days remaining on your original sentence.
>
> The Prisons and Parole Code[2] provides that convicted parole violators who are paroled from a state correctional institution and then receive a county sentence of confinement on their new charges will not become available to commence service of the original sentence until parole from, or completion of the county sentence. In this case September 11, 2017 is your effective date because that is when you were paroled from your Delaware County charges at 1022-2015. Adding 648 days to that date yields a new maximum date of June 21, 2019[.]

(*Id.* at 145-46.) Moore then filed a petition for review in this Court.

---

[2] 61 Pa. C.S. §§ 101-6309.

We begin by addressing Counsel's request to withdraw from representation of Moore. When no constitutional right to counsel is involved in a probation and parole case, an attorney seeking to withdraw from representing a prisoner may file a no-merit letter, as compared to an *Anders* brief.[3] In *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19 (Pa. Cmwlth. 2009), this Court held that a constitutional right to counsel in a probation and parole matter arises only when the prisoner's case includes:

> "[a] colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present."

*Hughes*, 977 A.2d at 25-26 (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973)). Moore has not suggested that she did not commit the underlying crimes of her new criminal conviction, nor does she suggest reasons constituting justification or

---

[3] In *Anders v. California*, 386 U.S. 738 (1967), the Supreme Court of the United States held that in order for a criminal defendant's counsel to withdraw from representing his client in an appeal, the counsel must assert that the case is completely frivolous, as compared to presenting an absence of merit. An appeal is completely or "wholly" frivolous when there are no factual or legal justifications that support the appeal. *Craig v. Pa. Bd. of Prob. & Parole*, 502 A.2d 758, 761 (Pa. Cmwlth. 1985). In seeking to withdraw, counsel must submit a petition to withdraw and a brief "referring to anything in the record that might arguably support the appeal." *Cmwlth. v. Baker*, 239 A.2d 201, 202 (Pa. 1968) (citing *Anders*, 386 U.S. at 744). The Supreme Court of Pennsylvania, however, has held that in matters that are *collateral* to an underlying criminal proceeding, such as parole matters, a counsel seeking to withdraw from his representation of a client may file a "no-merit" letter that includes information describing the extent and nature of the counsel's review, listing the issues the client wants to raise, and informing the court of the reasons why counsel believes the issues have no merit. *Cmwlth. v. Turner*, 544 A.2d 927, 928-29 (Pa. 1988).

4

mitigation for her new criminal conviction. Thus, Moore only has a statutory right to counsel under Section 6(a)(10) of the Public Defender Act.[4]

In order to satisfy the procedural requirements associated with no-merit letters, counsel must: (1) notify the parolee that he has submitted to the Court a request to withdraw; (2) provide the parolee with a copy of counsel's no-merit letter; and (3) advise the parolee that he has the right to obtain new counsel and to submit to the Court a brief of his own, raising any arguments that he may believe are meritorious.[5] *Reavis v. Pa. Bd. of Prob. and Parole*, 909 A.2d 28, 33 (Pa. Cmwlth. 2006). In seeking to withdraw, this Court has consistently required an attorney to include the following descriptive information in a no-merit letter: (1) the nature and extent of counsel's review of the case; (2) the issues the parolee wants to raise; and (3) the analysis counsel used in reaching his conclusion that the issues are meritless. *Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009). Before evaluating the merits of Moore's challenge, we must first evaluate Counsel's no-merit letter to determine whether it complies with the requirements for withdrawal applications.

In her petition for review, Moore challenged the Board's recalculation of her sentence because she did not receive credit for the period between January 19, 2015, and August 24, 2015—the date Moore was arrested until the date she posted bail. Counsel's no-merit letter adequately identifies this issue, discusses his review of Moore's case, and describes his analysis in reaching his conclusion that this issue as brought before this Court has no merit. Further, Counsel provides

---

[4] Act of December 2, 1968, P.L. 1144, *as amended*, 16 P.S. § 9960.6(a)(10).

[5] Counsel served Moore with his motion for leave to withdraw and his no-merit letter. In the no-merit letter, Counsel advised Moore of her right to retain counsel and to file a brief on her own behalf. Thus, Counsel has complied with these requirements.

5

a satisfactory summary of Moore's parole and conviction history as it relates to her underlying challenge. Counsel's no-merit letter, therefore, meets the requirements set forth in *Zerby*. We will now address the question of whether Counsel is correct that Moore's appeal lacks merit.

In his no-merit letter, Counsel refers the Court to *Commonwealth v. Mann*, 957 A.2d 746 (Pa. Super. 2008), where the Superior Court discussed, *inter alia*, the precedent from the Supreme Court concerning credit for time served. *Mann* is one case in a line of cases that expound on *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568 (Pa. 1980), which sets forth the general rule concerning allocation of credit for convicted parole violators who receive new sentences. In *Gaito*, our Supreme Court stated:

> [I]f a defendant is being held in custody solely because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence. *If a defendant, however, remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence.*

*Gaito*, 412 A.2d at 571 (emphasis added).

Our Supreme Court developed a narrow exception to the rule set forth in *Gaito*, applicable when the pre-sentence confinement is longer than the maximum term of the new sentence, which provides: "[W]here an offender is incarcerated on both a Board detainer and new criminal charges, all time spent in confinement must be credited to either the new sentence or the original sentence." *Martin v. Pa. Bd. of Prob. and Parole*, 840 A.2d 299, 309 (Pa. 2003). Accordingly, where a defendant is awaiting sentencing and is confined under both the Board's warrant and new criminal charges, that period of confinement should be allocated to the new criminal

sentence, so long as the period of confinement is shorter than the maximum term of the new sentence. *Hammonds v. Pa. Bd. of Prob. and Parole*, 143 A.3d 994, 998-99 (Pa. Cmwlth. 2016). "[W]hen it is not possible to award all of the credit to the new sentence because the period of pre-sentence incarceration exceeds the maximum term of the new sentence, credit must be applied to the parolee's original sentence." *Id.* at 998.

Analyzing the matter before the Court based upon the framework set forth above, it is clear that the Board was required to credit Moore's original sentence 430 days for the time period from August 24, 2015 (*i.e.*, the date on which she posted bail), to October 27, 2016 (*i.e.*, the date on which she was sentenced on her new criminal charges), because during that time period she was held in custody only on the Board's detainer. The Board, in fact, credited Moore for that time. Moore, however, appears to argue that the Board should have credited Moore for the time that she was in custody from January 19, 2015, through August 24, 2015, when she was being held both on the Board's detainer and because she failed to post bail. Under *Gaito* and *Martin*, the Board was not required to credit Moore for that period of approximately seven months between January 19, 2015, and August 24, 2015, because the period of time was less than the period of her sentence for her new conviction. Under *Gaito* and *Martin*, any credit to which Moore may have been entitled for that period should have been credited to the sentence on her new criminal conviction. When sentencing Moore on her new criminal conviction, however, the sentencing judge expressly declined to credit Moore on her new sentence for any time served up to and including her date of sentence. (C.R. at 85.)

Challenges concerning the failure to award a defendant credit on a new sentence for time served prior to trial on the charges relating to that sentence,

7

however, concern the legality of the sentence. *Cmwlth. v. Hollawell*, 604 A.2d 723, 725 (Pa. Super. 1992). "[A] challenge to the legality of a sentence is properly raised before the sentencing court or on direct appeal to the Superior Court." *Aviles v. Pa. Dep't of Corr.*, 875 A.2d 1209, 1214 (Pa. Cmwlth. 2005). A defendant may also seek redress under the Post Conviction Relief Act, 42 Pa. C.S. §§ 9541-9546, for the imposition of a sentence that is greater than lawfully permissible.[6]

Based on the above discussion, Moore's challenge of the Board's failure to award her credit for the time she was in custody before sentencing is a challenge to the legality of the sentence, which must be addressed by the common pleas court or on appeal to the Superior Court. Thus, we agree with Counsel that Moore's challenge before this Court to the Board's recalculation of her maximum sentence date has no merit.

Accordingly, we will grant Counsel's motion to withdraw. Moreover, because we have concluded that the Board correctly dismissed Moore's petition for administrative relief, we conclude that her petition for review lacks merit. We, therefore, affirm the order of the Board.

P. KEVIN BROBSON, Judge

---

[6] Moreover, while the Department of Corrections has a duty to credit inmates "for all statutorily mandated periods of incarceration," the Department of Corrections, as part of the executive branch, "lacks the power to adjudicate the legality of a sentence or to add or delete sentencing conditions." *McCray v. Pa. Dep't of Corr.*, 872 A.2d 1127, 1133 (Pa. 2005).

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shareema Moore,                      :
                    Petitioner       :
                                     :
        v.                           :   No. 411 C.D. 2018
                                     :
Pennsylvania Board of                :
Probation and Parole,                :
                    Respondent       :

# **O R D E R**

AND NOW, this 6th day of December, 2018, the motion to withdraw as counsel filed by R. Benjamin Sperry, Esquire, is GRANTED, and the order of the Pennsylvania Board of Probation and Parole is AFFIRMED.

_____
P. KEVIN BROBSON, Judge