IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edward Hammonds, :
: No. 1870 C.D. 2015
Petitioner : Submitted: March 4, 2016
:
v. :
:
Pennsylvania Board of :
Probation and Parole, :
:
Respondent :


BEFORE:　HONORABLE ROBERT SIMPSON, Judge
　　　　　HONORABLE MICHAEL H. WOJCIK, Judge
　　　　　HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK　　　　　　　　　　　　FILED:　May 12, 2016

　　　　Edward Hammonds (Hammonds) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) that denied his request for administrative relief as untimely and affirmed its recalculation decision. Hammonds contends the Board improperly recalculated his maximum sentence and reparole eligibility dates by not crediting time served on the Board's detainer to his original sentence. Discerning no error, we affirm.

　　　　In June 2012, Hammonds was convicted of one count of receiving stolen property and two counts of reckless endangerment. He was sentenced to a term of 1 year, 6 months to 7 years in prison. Certified Record (C.R.) at 1-3. Hammonds' original maximum sentence date was December 9, 2016. C.R. at 1.

　　　　On June 13, 2013, the Board released Hammonds on parole. C.R. at 11. While on parole, Hammonds violated the conditions of his parole and

committed new crimes. On November 7, 2013, Pittsburgh police arrested Hammonds on new criminal charges, and the Board lodged a warrant to commit and detain him. C.R. at 14-15. The Board issued a notice of charges and hearing based on the new criminal charges and technical parole violations. C.R. at 15.

Hammonds waived his right to a violation hearing and counsel, and he admitted to violating the terms and conditions of his parole. C.R. at 17. Based on his admission, on December 19, 2013, the Board recommitted Hammonds as a technical parole violator to serve six months' backtime for violating conditions of his parole. C.R. at 36-38.

In the interim, the criminal charges against Hammonds were withdrawn. C.R. at 22. On December 14, 2013, the charges were refiled in the Court of Common Pleas of Allegheny County (trial court). C.R. at 42. Unable to post bail, Hammonds was detained solely on the new charges. C.R. at 42-43. On February 19, 2014, the Board reissued its warrant to commit and detain Hammonds. C.R. at 39. On March 4, 2014, the trial court modified bail to nonmonetary; as of this date, Hammonds was confined solely on the Board's detainer, pending disposition of the new criminal charges. C.R. at 50, 61, 71.

On July 31, 2014, the trial court adjudicated Hammonds guilty of two counts of firearm possession. C.R. at 71-72. On October 23, 2014, the trial court sentenced Hammonds to serve 36 to 84 months for the new convictions. C.R. 69, 72.

Thereafter, the Board held a revocation hearing. Hammonds waived his right to counsel and admitted to the new convictions. C.R. at 80. By decision mailed February 9, 2015, the Board recommitted Hammonds as a convicted parole violator to serve 18 months concurrently with the 6 months previously imposed for

2

his technical parole violations, with no credit for time at liberty on parole. C.R. at 84.

The Board recalculated Hammonds' new maximum sentence and reparole eligibility dates. The Board determined Hammonds owed 1275 days in backtime upon his release on parole. The Board credited his original sentence for the 37-day period he was confined between November 7, 2013 to December 14, 2013, and the 233-day period between March 4, 2014 to October 23, 2014, as these periods were spent solely on the Board's detainer. C.R. at 82. Hammonds became available to serve his original sentence on October 23, 2014, when he was sentenced on the new criminal charges and returned to the custody of the Board. C.R. at 2, 82. By adding 1005 days (1275 days owed less 270 days credit) to his return date, the Board recalculated a new maximum sentence date of July 24, 2017. C.R. at 2, 82, 84. The Board also determined Hammonds would not be eligible for reparole until July 28, 2015. C.R. at 84.

Hammonds, representing himself, filed a request for administrative relief objecting to the Board's calculation.[1] By action mailed September 4, 2015, the Board dismissed Hammonds' appeal, and it affirmed the action mailed

---

[1] Hammonds sent a letter to the Board, which it received on March 3, 2015, requesting to "appeal the decision made on the backtime I owe. The calculations are wrong, so if it's not a problem I need more time to contact an attorney." C.R. at 96. He also sent the Board an administrative remedies form, which it received on March 13, 2015. C.R. at 106. The Board treated these requests as a timely administrative appeal from the decision mailed February 9, 2015. C.R. at 109.

However, Hammonds also sent the Board a six-page request for administrative relief on April 9, 2015. C.R. at 98-104. Although the Board acknowledged receipt of this request, it determined it was untimely filed, and it did not respond to the issues raised therein. C.R. at 109.

3

February 9, 2015.  C.R. at 109-110.  From this decision, Hammonds petitions for review with this Court.

On appeal,[2] Hammonds contends the Board erred in calculating his new maximum sentence and reparole eligibility dates.  According to Hammonds, the Board should have exercised "equitable crediting," recognized by the courts in *Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299, 309 (Pa. 2003), and *Baasit v. Pennsylvania Board of Probation and Parole*, 90 A.3d 74 (Pa. Cmwlth. 2014), and applied time served on *both* the Board's detainer and new criminal charges to his original sentence.  Thus, he claims his maximum sentence and reparole eligibility dates must be adjusted accordingly.

The Prisons and Parole Code (Parole Code) provides that any parolee who, during the period of parole, commits a crime punishable by imprisonment and is convicted or found guilty of that crime may be recommitted as a convicted parole violator.   61 Pa. C.S. §6138(a)(1).   If the parolee is recommitted as a convicted parole violator, he must serve the remainder of the term, which he would have been compelled to serve had parole not been granted, with no credit for the time at liberty on parole, unless the Board, in the exercise of its sole discretion, chooses to award credit.   61 Pa. C.S. §§6138(a)(2), (2.1).   If a new sentence is imposed, the parolee must serve the balance of the original sentence prior to commencement of the new term.  61 Pa. C.S. §6138(a)(5)(i).

[2] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence.  Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 74 (Pa. Cmwlth. 2013), *appeal denied*, 87 A.3d 322 (Pa. 2014).

4

Time incarcerated prior to sentencing shall be credited to a convicted parole violator's original term only when he has satisfied bail requirements for the new offense and, thus, remains incarcerated solely by reason of the Board's detainer. *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568 (Pa. 1980). However, when bail is not posted, time incarcerated on both the new criminal charges and the Board's detainer must apply to the new sentence. *Id.*

An exception to this rule was created in *Martin*. There, a parolee was incarcerated on both new criminal charges and the Board's warrant for 19 days. The parolee was sentenced to a term of two days followed by a period of probation. In recalculating his sentence, the Board did not award any credit for his pre-sentence confinement because he was not confined solely on the Board's detainer. On appeal, the parolee asserted the excess custody time (17 days) must be credited toward his original sentence.

Ultimately, the Pennsylvania Supreme Court agreed. The Court reasoned that pre-sentence credit should be applied equitably. *Martin*, 840 A.2d at 309. It held "where an offender is incarcerated on both a Board detainer and new criminal charges, all time spent in confinement must be credited to either the new sentence or the original sentence." *Id.* Thus, when it is not possible to award all of the credit to the new sentence because the period of pre-sentence incarceration exceeds the maximum term of the new sentence, credit must be applied to the parolee's original sentence. *Id.*; *Armbruster v. Pennsylvania Board of Probation and Parole*, 919 A.2d 348 (Pa. Cmwlth. 2007); *see also Melhorn v. Pennsylvania Board of Probation and Parole*, 908 A.2d 266 (Pa. 2006).

The *Martin* rule affords "the Board more flexibility and discretion to ensure that considerations relevant to the award of credit are just and equitable in

nature." *Smith v. Pennsylvania Board of Probation and Parole*, __ A.3d __, __ (Pa. Cmwlth., No. 1007 C.D. 2015, filed February 23, 2016), slip opinion at 2. This Court has since applied the *Martin* rule in cases where the parolee's new sentence was less than the time spent in custody awaiting trial on the new charges. *See, e.g., Jones v. Pennsylvania Board of Probation and Parole*, 872 A.2d 1283, 1285 (Pa. Cmwlth.), *appeal denied*, 890 A.2d 1061 (Pa. 2005) (parolee's new sentence of two days was less than the pre-sentence custody time of four months, 17 days); *Hears v. Pennsylvania Board of Probation and Parole*, 851 A.2d 1003, 1007 (Pa. Cmwlth. 2004) (parolee's new sentence of four days was less than the pre-sentence custody time of four months, 20 days).

In *Baasit*, this Court again recognized the equitable principles of *Martin* in applying pre-sentence credit. We addressed how, when there was both a state and federal detainer, pre-sentence time should be applied under the then-recent enactment of Section 6138(a)(5.1) of the Parole Code, 61 Pa. C.S. §6138(a)(5.1), which requires a parolee sentenced to a new term of incarceration by a federal court to serve the balance of his original state term before serving the new federal sentence. Because the parolee must serve the entirety of his original term before serving his new federal or different jurisdiction sentence, we determined the parolee no longer fell under *Gaito* rule. As such, we concluded any pre-sentence confinement credit earned by a parolee must be applied to his original sentence. *Baasit*; 90 A.3d at 82-83; *accord Smith*.

However, *Baasit* and *Martin* are readily distinguishable from the case here. Unlike in *Baasit*, this case does not involve a new federal sentence or application of Section 6138(a)(5.1) of the Parole Code. Rather, this case involves a new state sentence to which pre-sentence incarceration credit may be applied.

6

*See Martin; Gaito*.  Unlike in *Martin*, Hammonds' new sentence does not exceed the period of pre-sentence incarceration.  *See Martin*.  Given these factual distinctions, we decline to extend the exceptions espoused *Martin* or *Baasit* to the situation here.  Consequently, we examine the Board's calculations under *Gaito*.

The Board recommitted Hammonds as a convicted parole violator to serve the remainder of his term with no credit for time at liberty on parole.  At the time of his parole, 1275 days remained on his original sentence, which is the difference between his original maximum sentence date (December 9, 2016) and his parole date (June 13, 2013).  C.R. at 2, 82, 84.  The Board credited a total of 270 days towards Hammonds' original sentence.  More particularly, the Board credited 37 days, which represents the period of incarceration served solely on the Board's detainer (November 7, 2013) but before new criminal charges were filed (December 14, 2013), and 233 days, which represents the period of incarceration served after nonmonetary bail was set (March 4, 2014) until sentencing (October 23, 2014).  C.R. at 2, 82.  By subtracting 270 days from 1275 days, the Board calculated a total of 1005 days remaining towards his original sentence.  C.R. at 2, 82.  By adding 1005 days to Hammonds' return date (October 23, 2014), the Board arrived at a new maximum sentence date of July 24, 2017, and a reparole eligibility date of July 28, 2015.  C.R. at 2, 82, 84.

Contrary to Hammonds' assertions, he is not entitled to pre-sentence credit for the period between December 14, 2013 and March 4, 2014 (80 days), towards his original sentence.  Although Hammonds was detained under both the Board's warrant and the new criminal charges, this time is properly allocated to his

new criminal sentence, which exceeded his pre-sentence confinement.[3] *See Gaito; see also Martin; Armbruster*. Upon review, we conclude the Board properly credited Hammonds' original sentence and recalculated his maximum sentence and reparole eligibility dates.

Accordingly, we affirm the order of the Board denying Hammonds' request for administrative relief.

MICHAEL H. WOJCIK, Judge

---

[3] Hammonds does not assert that this time was not credited towards his new sentence. Nevertheless, we note:

> [I]ssues regarding the proper allocation of credit on a new sentence must be addressed by the sentencing court, or the Superior Court on appeal . . . . [I]t is the duty of the Department of Corrections to credit inmates for all statutorily mandated periods of incarceration, but it must be done pursuant to the trial court's sentencing orders. The Department 'is charged with faithfully implementing sentences imposed by the courts' and 'lacks the power to adjudicate the legality of a sentence or to add or delete sentencing conditions.' If a trial court does not give an inmate full credit for time served, the Department of Corrections has no duty to give an inmate full credit for time served. The inmate's remedy is in the trial court and through the direct appeal process.

*Ambruster,* 919 A.2d at 355 (citing *McCray v. Pennsylvania Department of Corrections*, 872 A.2d 1127, 1133 (Pa. 2005)).

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edward Hammonds,      :
     : No. 1870 C.D. 2015
           Petitioner      :
     :
           v.      :
     :
Pennsylvania Board of      :
Probation and Parole,      :
     :
           Respondent      :

O R D E R

AND NOW, this 12th day of May, 2016, the order of the Pennsylvania Board of Probation and Parole, dated September 4, 2015, is AFFIRMED.

MICHAEL H. WOJCIK, Judge