# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brian Joseph McCarthy,        :
             Petitioner    :
                            :
          v.             :    No. 958 C.D. 2018
                            :    Submitted: November 21, 2018
Pennsylvania Board of Probation    :
and Parole,                 :
             Respondent   :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION BY
JUDGE COHN JUBELIRER              FILED: February 7, 2019

Brian Joseph McCarthy (McCarthy) petitions for review of an Order (Order) of the Pennsylvania Board of Probation and Parole (Board) mailed June 12, 2018, denying McCarthy's request for administrative relief and affirming the Board's decision of May 14, 2018 (May 2018 Decision). In its May 2018 Decision, the Board corrected a previous error in the recalculation of McCarthy's maximum parole date following his recommitment as a convicted parole violator (CPV). McCarthy argues that he is entitled to credit for an extra 35 days of backtime for which the Board did not account in its May 2018 Decision. Discerning no error in the Board's recalculation of McCarthy's maximum date, we affirm.

In April 2016, while McCarthy was serving sentences for various misdemeanors[1] and violating the terms of his probation, the Board granted him parole, and McCarthy was released from the State Correctional Institution at Laurel Highlands (SCI-Laurel Highlands) on June 13, 2016. At the time, McCarthy's minimum and maximum release dates were July 5, 2015, and July 5, 2019, respectively. (Certified Record (C.R.) at 2.) One of the conditions imposed on McCarthy's parole was that he report to, and reside at, the Johnstown Community Corrections Center (Center) for participation in the Center's community corrections program. On July 3, 2016, McCarthy did not report to the Center as required, and McCarthy's employer notified the Center that he believed McCarthy had stolen the employer's car. The Board declared McCarthy delinquent effective July 4, 2016.

Kentucky State Police arrested McCarthy on July 11, 2016, and the Board issued an interstate warrant to commit and detain McCarthy. After waiving his right to extradition, McCarthy was returned to the State Correctional Institution at Somerset on July 24, 2016. The Board charged McCarthy as a technical parole violator (TPV) for violations of four parole conditions,[2] to which McCarthy

---

[1] Specifically, McCarthy's convictions were for: recklessly endangering another person in violation of Section 2705 of the Crimes Code, 18 Pa. C.S. § 2705; criminal mischief in violation of Section 3304 of the Crimes Code, 18 Pa. C.S. § 3304; and unauthorized use of automobiles and other vehicles in violation of Section 3928 of the Crimes Code, 18 Pa. C.S. § 3928.

[2] The Board charged McCarthy with violating: Condition 1, prohibiting McCarthy from leaving the district without permission; Condition 2, prohibiting McCarthy from moving his approved residence from the Center without permission; Condition 3A, requiring McCarthy to maintain contact with the parole supervision staff by reporting regularly as instructed; and Condition 4, requiring compliance with all municipal, county, state, and federal laws, including the Vehicle Code, 75 Pa. C.S. §§ 101–9805, and Liquor Code, Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §§ 1-101 –10-1001. (C.R. at 10, 48.)

admitted, waiving his right to counsel and a violation hearing. By decision mailed on September 13, 2016, the Board recommitted McCarthy to a state correctional institution as a TPV and ordered his reparole be no later than six months. (*Id.* at 48-50.)

In the meantime, on July 28, 2016, McCarthy was charged by Richland Township Police with a theft offense in Cambria County based upon the allegations that McCarthy stole his employer's car. (*Id.* at 80.) McCarthy's theft charge in Cambria County was held over for court and bail was set on September 12, 2016.[3] (*Id.* at 81.) McCarthy did not post bail. (*Id.*) The Board issued a decision to detain McCarthy pending disposition of the new charge. (*Id.* at 64.) McCarthy pled guilty on January 31, 2017, and was sentenced on March 21, 2017, to serve 6 to 23 months in a county correctional institution with credit for time served and automatic parole after six months. (*Id.* at 81, 84, 88.) The Board then issued a notice of charges and revocation hearing on May 5, 2017, to determine if McCarthy should be recommitted as a CPV. McCarthy waived his right to counsel and a hearing. By decision mailed August 22, 2017, the Board recommitted McCarthy as a CPV to serve 6 months at a state correctional institution after completing his sentence for the new conviction. (*Id.* at 90-91.) The Board determined McCarthy owed 1117 days of backtime, which was the difference between the date he was paroled, June 13, 2016, and his original maximum date, July 5, 2019. However, after applying a credit for the 63 days from July 11, 2016, to September 12, 2016, during which McCarthy was detained on the Board's detainer prior to his arrest on the new charge, the Board determined he had 1054

---

[3] *See* Section 3921 of the Crimes Code, 18 Pa. C.S § 3921 (prohibiting unlawfully taking or exercising control over the movable property of another).

3

days remaining on his original sentence. This was added to his custody for return date of September 21, 2017, to reach a new maximum date of August 10, 2020. (*Id.* at 92.)

By decision mailed on October 3, 2017, the Board amended its decision to recommit McCarthy as a CPV to explain why he was not given credit for time spent at liberty on parole and notify him of a required evaluation for drug and alcohol treatment. (*Id.* at 94-95.) McCarthy filed an administrative remedies form to this decision on October 16, 2017, challenging the Board's calculation of his new maximum date. (*Id.* at 96-97.) McCarthy argued that because his new sentence was to be served concurrently, his maximum release date should be July 12, 2019, or, alternatively, six months after July 12, 2019, assuming the sentence for the new conviction was to be served consecutively. The Board, by letter mailed May 11, 2018, admitted a "clerical error in [McCarthy's] computation" when it recommitted McCarthy as a CPV, stating that it incorrectly added 193 days to McCarthy's maximum release date and a new Board decision and order to recommit would be issued. (*Id.* at 102.) By its May 2018 Decision and May 11, 2018 modified order to recommit, the Board changed McCarthy's return for custody date from September 21, 2017, to March 12, 2017,[4] making his new maximum release date January 30, 2020. (*Id.* at 105, 108.) McCarthy filed an administrative remedies form for the May 2018 Decision, still contesting the calculation of his maximum sentence date.[5] (*Id.* at 110-11.) McCarthy argued that

---

[4] The Board explains this error as follows: "McCarthy was granted automatic parole after 6 months, with credit for time served. McCarthy was detained on the new criminal charges on September 12, 2016. Thus, McCarthy would be available to the Board after serving 6 months of his new county sentence (i.e. March 12, 201[7])." (Board's Brief (Br.) at 6 n.2.)

[5] Attorney Marc T. Valentine of the Somerset County Office of the Public Defender also sent an administrative remedies form on behalf of McCarthy in a letter to the Board dated June 5, **(Footnote continued on next page…)**

4

the new maximum sentence date was in error because he was recommitted to a state correctional institution on July 27, 2016, as a TPV and remained in the Board's custody alone since then.[6] The Board issued its Order affirming its May 2018 Decision and finding no error in its recalculation of McCarthy's maximum date. (*Id.* at 117.) McCarthy petitions for review.

Before this Court,[7] McCarthy argues that the Board incorrectly calculated his maximum date, as he should be given credit for the time between July 27, 2016, the date of his recommitment as a TPV, and March 12, 2017, the date of his automatic parole from the new conviction, as he contends he was held under the Board's detainer. According to McCarthy, although the Board acknowledged that it erroneously added 193 days to his maximum sentence, it did not account for the remaining 35 days in this time frame for which he should have been given credit. Nonetheless, McCarthy does not specify where the 35 uncredited days occurred within this 228-day period he cites. McCarthy relies upon *Commonwealth v.*

---

**(continued…)**

2018. (C.R. at 114.) The administrative remedies form sent by Attorney Valentine was completed by McCarthy and also contested the calculation of McCarthy's maximum date. By letter mailed July 24, 2018, the Board advised Attorney Valentine that it received the administrative appeal he sent on behalf of McCarthy and had disposed of both matters in its May 2018 Decision. (*Id.* at 119.)

[6] Although McCarthy argued in his first administrative appeal that the calculation of his maximum date was in error because his sentence for the theft conviction was to be served concurrently, McCarthy appeared to argue in his second administrative appeal that his theft conviction was to be served consecutively. In other words, McCarthy argued in his second appeal to the Board that he had been in the Department of Corrections' custody as a parole violator since July 27, 2016, and his sentence for the new conviction would begin only once he had satisfied his backtime owed as a parole violator.

[7] Our review of the Board's Order is "limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence." *Lawrence v. Pa. Bd. of Prob. & Parole*, 145 A.3d 799, 803 n.2 (Pa. Cmwlth. 2016).

*Schwartz*, 379 A.2d 319 (Pa. Super. 1977), arguing that because he was in custody on the Board's warrant, not on a failure to post bail, he is entitled to credit for that time. (McCarthy's Brief (Br.) at 8.) Citing to the Department of Corrections' "moves report," McCarthy contends that he came under the Board's custody on July 24, 2016, and primarily remained in that custody serving only as a TPV until April 28, 2017.[8] Contradictorily, McCarthy also asserts that he was confined on **both** the Board's detainer and the new theft charge for that time and, because the Cambria County Court of Common Pleas (common pleas) did not give him credit on his new sentence for the period of pre-sentence confinement, the Board should have given him that credit on his original sentence. (*Id.* at 8-9.)

The Board responds that it acted within its discretion and pursuant to the Prisons and Parole Code[9] (Code) requirements when it recalculated McCarthy's maximum date. The Board asserts that it properly credited McCarthy for the 63 days from July 11, 2016, to September 12, 2016, where he was held on the Board's detainer alone, and it correctly added 1054 days of backtime owed to March 12, 2017, the date upon which McCarthy was automatically paroled after completion of the minimum sentence for the new conviction. The Board urges us to affirm its Order.

Under the Code, a parolee who is convicted of a crime punishable by imprisonment, which is committed during the parole period, may be recommitted as a CPV. Section 6138(a)(1) of the Code, 61 Pa. C.S. § 6138(a)(1). Upon recommitment as a CPV, the parolee shall "serve the remainder of the term which

---

[8] We note that these dates in the "moves report" do not align with the 228-day time frame from July 27, 2016, to March 12, 2017, for which McCarthy repeatedly contends he is due credit. (*See* McCarthy's Br. at 2, 6, 7, 9.)

[9] 61 Pa. C.S. §§ 101-6309.

6

the parolee would have been compelled to serve had the parole not been granted." 61 Pa. C.S. § 6138(a)(2). During the time between arrest and conviction on the new charges, a parolee may be detained on the new charges, a Board detainer warrant, or both. *See generally Martin v. Pa. Bd. of Prob. & Parole*, 840 A.2d 299 (Pa. 2003). As established by the Supreme Court in *Gaito v. Pennsylvania Board of Probation and Parole*, if the parolee has met bail on the new charges, but remains in custody solely on the Board's detainer, then the time the parolee spends in custody "shall be credited against [the] original sentence." 412 A.2d 568, 571 (Pa. 1980). On the other hand, if the parolee "remains incarcerated prior to trial because [the parolee] has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to [the] new sentence." *Id.* However, when the parolee "is incarcerated on both a Board detainer and new criminal charges, all time spent in confinement must be credited to either the new sentence or the original sentence." *Martin*, 840 A.2d at 309. If "it is not possible to award all of the credit on the new sentence because the period of pre-sentence incarceration exceeds the maximum term of the new sentence," the excess credit is applied to the parolee's original sentence. *Armbruster v. Pa. Bd. of Prob. & Parole*, 919 A.2d 348, 355 (Pa. Cmwlth. 2007).

We reiterated these standards in *Hammonds v. Pennsylvania Board of Probation and Parole*, where a parolee appealed the Board's denial for administrative relief and calculation of the maximum date after the parolee's recommitment as a CPV. 143 A.3d 994, 995 (Pa. Cmwlth. 2016). In that case, the parolee was serving as a TPV when he was arrested and convicted on new criminal charges. *Id.* at 996. The Board recommitted the parolee as a CPV and recalculated his maximum date to provide him credit for the time where he was held solely on

the Board's detainer, which included both time prior to the arrest and after non-monetary bail was set. *Id.* For the time between arrest and conviction when the parolee was confined on both the Board's detainer and the new charges, the Board did not give the parolee credit on the original sentence. *Id.* We affirmed the Board's denial of administrative relief and calculation of the maximum date, citing to the standards established in *Gaito* and *Martin*. *Id.* at 997-98. We noted that "[c]ontrary to [the parolee's] assertions, he is not entitled to pre-sentence credit for the period" between the arrest and conviction "towards his original sentence." *Id.* at 999. We acknowledged that while the parolee "was detained under both the Board's warrant and the new criminal charges, this time is properly allocated to his new criminal sentence." *Id.*

The issue before us is whether the Board's recalculation of McCarthy's maximum date to January 30, 2020, was in accordance with law. When McCarthy was first paroled on June 13, 2016, his maximum date was July 5, 2019, meaning he had 1117 days left on his original sentence. As noted by the Board, this backtime was reduced to 1054 days, because McCarthy was entitled to credit for the 63 days from July 11, 2016, when he was detained for his technical violations, to September 12, 2016, when he was arrested on the theft charge.

Nonetheless, McCarthy asserts that he is entitled to credit for the entire time between July 27, 2016, when he was recommitted as a TPV, and March 12, 2017, when he was returned to the Board's custody upon automatic parole after completion of the six month minimum for the new conviction. Because the Board did give McCarthy credit from July 11, 2016, to September 12, 2016, the remaining time at issue is McCarthy's pre-sentence confinement from September 12, 2016, to March 12, 2017. We note, however, that this amounts to 181 days, not

8

the unidentified 35 days for which McCarthy contends he is owed credit. In any event, like the parolee in *Hammonds*, McCarthy is not entitled to credit for this time because he was held on both the Board's detainer and the new charge. McCarthy's citation to the "moves report" as evidence that he was held on the Board's detainer alone is not persuasive. McCarthy does not dispute that he did not post bail on the new charge, and the criminal docket in the certified record reflects the same. (McCarthy's Br. at 8; C.R. at 81.) Therefore, the Board did not err in finding that McCarthy was held on both the Board's detainer and the new charge during the time in question, regardless of what is reported on the "moves report." *See Lewis v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 1153 C.D. 2015, filed Jan. 8, 2016), slip op. at 7[10] (citing *Harper v. Pa. Bd. of Prob. & Parole*, 520 A.2d 518, 523 (Pa. Cmwlth. 1987)) (holding the Board did not err in finding a "moves report" insufficient to rebut evidence that the parolee did not post bail).

Because McCarthy did not post bail after his arrest on September 12, 2016, he continued to be held on that charge, as well as the Board's detainer. As a result, the time served between the arrest and the new conviction had to be credited to either McCarthy's new sentence or original sentence. *Martin*, 840 A.2d at 309. Common pleas credited the relevant time to McCarthy's new sentence of 6 to 23 months by giving him credit for the time he had served and automatic parole after 6 months. (C.R. at 84, 88.) Moreover, because McCarthy's pre-sentence confinement did not exceed the sentence for his new conviction, the Board was not

---

[10] *Lewis*, an unreported opinion, is cited for its persuasive value in accordance with Section 414(a) of the Commonwealth Court's Internal Operating Procedures. 210 Pa. Code § 69.414(a).

required to provide McCarthy credit for this time on his original sentence. *Armbruster*, 919 A.2d at 355.

Additionally, the Board did not err by recalculating McCarthy's backtime to commence on March 12, 2017, the date McCarthy was automatically paroled from the sentence for his new conviction. With regard to how a CPV should serve new and original sentences, Section 6138(5) of the Code provides:

> (5) If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:
>
> (i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.
>
> (ii) If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison.
>
> (iii) In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

61 Pa. C.S. § 6138(5). McCarthy falls under subsection (5)(iii) of Section 6138, as he was paroled from SCI-Laurel Highlands, and his new sentence was to be served in a county prison. Because McCarthy is required under the Code to serve the new sentence before completing the backtime owed on his original sentence, the Board correctly identified his return for custody date as March 12, 2017. Adding the 1054 days of backtime owed on McCarthy's original sentence, which reflects the appropriate credit of 63 days, to the March 12, 2017 return for custody date, the new maximum date is January 30, 2020. To the extent McCarthy relies on

*Schwartz*, this reliance is misplaced. Not only is *Schwartz* a Superior Court decision, by which we are not bound, *Torres v. Pennsylvania Board of Probation and Parole*, 861 A.2d 394, 404 (Pa. Cmwlth. 2004), but also it is a post-conviction appeal relating to a trial court's computation of a sentence. *Schwartz*, 379 A.2d at 321. Further, *Schwartz*, which predates the Code, is not applicable to parole matters, thus *Gaito* and *Martin* control our analysis and conclusion.

In compliance with the standards set forth in *Gaito* and *Martin*, McCarthy received credit on his new sentence for the time in which he was incarcerated on the new charge and the Board's detainer, and credit on his original sentence for when he was incarcerated on the Board's detainer alone. Accordingly, discerning no error in the Board's recalculation of McCarthy's maximum date as a CPV, we affirm the Board's Order denying administrative relief.

_____
**RENÉE COHN JUBELIRER,** Judge

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brian Joseph McCarthy, : 
              Petitioner : 
               : 
          v. :   No. 958 C.D. 2018
               : 
Pennsylvania Board of Probation : 
and Parole, : 
            Respondent : 

## O R D E R

NOW, February 7, 2019, the June 12, 2018 Order of the Pennsylvania Board of Probation and Parole is **AFFIRMED**.

_____

**RENÉE COHN JUBELIRER,** Judge