IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rashaad Ponder, : 
                               : 
               Petitioner : 
                               : 
            v. : No. 1123 C.D. 2022
                               : Submitted: May 26, 2023
Pennsylvania Parole Board, : 
                               : 
              Respondent : 

BEFORE:    HONORABLE ANNE E. COVEY, Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                            FILED: April 16, 2024

          Rashaad Ponder (Parolee) petitions for review of the decision of the Pennsylvania Parole Board (Board), which affirmed the Board Action recorded April 27, 2022, denying Parolee credit for time served after being recommitted as a convicted parole violator (CPV). On appeal, Parolee contends that the Board miscalculated the term of his recommitment by one day. After careful review, we dismiss this appeal as moot.

          Parolee was initially sentenced to serve a 4-year, 2-month to 10-year term of incarceration relating to drug convictions in a State Correctional Institution (SCI). Certified Record (C.R.) at 1-3. Originally, Parolee's sentence carried a minimum sentence date of March 26, 2015, and a maximum sentence date of January

26, 2021. *Id*. However, Parolee was paroled and recommitted on a number of occasions. Relevant now, Parolee was granted parole and released on March 3, 2020. *Id*.

In a Board Action recorded March 5, 2020, the Board declared Parolee delinquent effective the day of his release because he failed to report to the district office as required by the conditions of his parole. C.R. at 40. On April 28, 2021, while delinquent, Parolee was arrested by the Oil City Police Department for pending criminal charges in the Venango County Court of Common Pleas (trial court). *Id*. at 42-43. On that same day, the Board lodged a detainer against him. *Id*. at 41.

According to his supervision history, Parolee was held at the Venango County Jail following his arrest. *Id*. at 49-50. The Board held a violation hearing there on January 28, 2022, wherein Parolee admitted to violating multiple conditions of his parole.[1] *Id*. at 103. As such, by Board Action recorded February 8, 2022, the Board ordered Parolee to be detained pending the disposition of his criminal charges and to be recommitted as a technical parole violator for nine months. *Id*. At the time, the Board recalculated Parolee's maximum sentence date as December 16,

---

[1] The Board observed that Parolee violated the following conditions:

-- CONDITION #1, LEAVING THE DISTRICT WITHOUT PERMISSION.

-- CONDITION #2, CHANGE OF RESIDENCE WITHOUT PERMISSION.

-- CONDITION #7, FAILURE TO REPORT TO THE RENEWAL, INC. #1.

C.R. at 103.

2022. *Id.* The Department of Corrections' moves report indicates that, on that same day, Parolee was received by SCI-Mercer in error. *Id.* at 151.

Regarding his new criminal charges, Parolee did not post bail prior to trial. C.R. at 156, 168. On February 15, 2022, Parolee was found guilty of flight to avoid apprehension, trial, or punishment, 18 Pa. C.S. §5126. *Id.* at 168-69. Subsequently, on April 7, 2022, Parolee pleaded guilty to criminal trespass, 18 Pa. C.S. §3503(b)(1)(i), and disorderly conduct, 18 Pa. C.S. §5503(a)(4). Ultimately, the trial court sentenced Parolee to serve 345 days to 23 months, 29 days of confinement in the Venango County Jail. *Id.* at 156, 168. The trial court credited Parolee with 345 days toward his new sentence, to reflect the period he spent in the Venango County Jail from April 28, 2021, to April 7, 2022. *Id.* at 138-40. Consequently, Parolee was immediately eligible for parole on his new sentence. *Id.*

The Board scheduled a parole revocation hearing for March 22, 2022; however, Parolee waived his right to a hearing and acknowledged his convictions. C.R. at 110-13. Thereafter, in a Board Action recorded April 27, 2022, the Board notified Parolee of its decision to recommit him as a CPV to serve 12 months of backtime, because of his recent convictions, poor adjustment under supervision, failure to comply with sanctions, his delinquency, prior parole failures, and because he was considered a threat to the community. *Id.* at 179. The Board also used its discretion to deny awarding Parolee any credit for time spent at liberty, because he absconded while on parole and because of his history of parole failure. *Id.* at 180. As a result, Parolee's maximum sentence date was recalculated to November 25, 2023, with parole eligibility as early as April 7, 2023. *Id.*

In a counseled administrative remedies form received on May 31, 2022, Parolee challenged the Board Action recorded April 27, 2022, arguing that the Board

3

"failed to award [Parolee] credit for all time served exclusively to its warrant or while incarcerated." C.R. at 184.

By decision mailed October 5, 2022, the Board denied Parolee's challenge. C.R. at 195-97. The Board explained that when Parolee was released from confinement on March 3, 2020, 597 days remained due and owing on his original sentence. *Id*. at 196. "The Board's decision to recommit him as a [CPV] authorized the recalculation of his maximum sentence date to reflect that he received no credit for the time spent at liberty on parole . . . . [T]his means that he owed 597 days based on the recommitment." *Id*. The Board likewise noted that after Parolee's April 28, 2021 arrest, he was not held exclusively on the Board's warrant as Parolee never posted bail. *Id.* As such, the Board explained that he was not entitled to any credit toward his original sentence for the time he was incarcerated from April 28, 2021, to April 7, 2022. *Id*. Further, under Section 6138(a)(5) of the Prisons and Parole Code, 61 Pa. C.S. §6138(a)(5), the Board noted that Parolee was required to serve his new sentence prior to finishing service on his original sentence. *Id*. Thus, according to the Board, Parolee did not become available to recommence service on his original sentence until April 7, 2022, the date he was paroled on his new sentence. *Id*. "Adding 597 days to April 7, 2022 yields a recalculated maximum date of November 25, 2023." *Id*. Parolee then filed the instant petition for review of the Board's decision.[2]

---

[2] Our review "is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether the constitutional rights of the parolee were violated." *McNally v. Pennsylvania Board of Probation and Parole*, 940 A.2d 1289, 1292 (Pa. Cmwlth. 2008).

Parolee's sole claim on appeal is that the Board failed to give him credit for the single day spent in custody at SCI-Mercer.[3]  Petitioner's Brief at 11. However, we need not address the merits of this claim.

Ordinarily, "the expiration of a parolee's maximum term renders an appeal of a Board revocation order moot." *Taylor v. Pennsylvania Board of Probation and Parole*, 746 A.2d 671, 674 (Pa. Cmwlth. 2000).  As such, we will dismiss an appeal when it becomes impossible for this Court to grant the relief sought. *Id.*  However, we will nevertheless address the merits of such a claim when the issues involved are capable of repetition yet likely to evade review, important to the public interest, or where a party will suffer some detriment without the Court's decision. *Id.*

Presently, Parolee's maximum date of November 25, 2023, has passed.[4] Because he is no longer serving that sentence, his appeal is moot.  Moreover, the credit issues raised in Parolee's appeal will likely repeat, but will not evade review and have, in fact, been addressed by numerous decisions of this Court and our

---

[3] In his Petition, Parolee also argues that the Board failed to award Parolee credit for the time that he spent at liberty on parole.  Petition ¶7.  However, in his subsequent brief to this Court, Parolee concedes this argument.  Initially, Parolee observes that the Board must articulate its decision to deny credit for time spent at liberty on parole by identifying the facts of the case significant to its determination.  Petitioner's Brief at 13 (citing *Gruzinski v. Department of Public Welfare*, 731 A.2d 246, 251 n.14 (Pa. Cmwlth. 1999)); *see also Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466, 474-75 (Pa. 2017) (When granting or denying credit for time spent at liberty on parole, the Board must articulate its basis for doing so and "provide a contemporaneous statement explaining its reason[ing.]").  However, Parolee ultimately concludes: "In this case, [the Board] set forth sufficient facts related to the parolee to ensure the decision was not arbitrary."  Petitioner's Brief at 13.

[4] There is no evidence of record demonstrating that Parolee has committed any additional crimes or that new criminal charges were brought against him that could further extend his maximum sentence date.  To the contrary, it appears Parolee is no longer in the custody and control of the Commonwealth.  *See Inmate Locator*, Pennsylvania Department of Corrections, http://inmatelocator.cor.pa.gov (last visited 4/15/2024).

5

Supreme Court.[5] Finally, Parolee will not suffer any detriment without this Court's decision because he is no longer serving his original sentence.

---

[5] Parolee argues that the Board failed to award credit for the day that he spent in custody at SCI-Mercer on February 8, 2022, as indicated by the Department of Corrections' moves report. Petitioner's Brief at 12. Parolee contends that he was moved there as a technical parole violator pending by Board Action recorded February 8, 2022. *Id*. Because that Board Action recommitted Parolee as a technical parole violator, per Section 6138(d) of the Prisons and Parole Code, 61 Pa. C.S §6138(d), and did not include the language "when available," he believes this single day of confinement in SCI-Mercer should have been credited toward backtime or confinement time. *Id*. at 12-13.

However, this argument fails. First, the Department of Corrections' moves report dated April 27, 2022, indicates that Parolee was received by SCI-Mercer in error. C.R. at 151. If this day were credited towards his original sentence, it would mean that Parolee did not serve the 345-day minimum term required by the trial court on his new sentence and he would have been ineligible for parole on April 7, 2022. Furthermore, this Board Action also referred to and was subject to an earlier Board Action recorded December 23, 2021, which ordered Parolee to be detained pending the disposition of his criminal charges. *See id*. at 103. After his convictions, the Board recommitted Parolee as a CPV which necessarily governed the term of his recommitment. *See* 61 Pa. C.S. §6138(a)(2) (authorizing the recalculation of a CPV's maximum term upon parole revocation).

To that end, concerning CPVs, Section 6318(a)(5)(iii) of the Prisons and Parole Code requires "the service of the new term for the latter crime [to] precede commencement of the term originally imposed." 61 Pa. C.S. §6138(a)(5)(iii). However, it is well settled that a CPV is entitled to credit for time served pending the disposition of a new criminal conviction when the CPV has posted bail and is, therefore, being held solely on the Board's warrant. *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 571 (Pa. 1980). "If a defendant, however, remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence." *Id. See also Armbruster v. Pennsylvania Board of Probation and Parole*, 919 A.2d 348, 352 (Pa. Cmwlth. 2007); *Hammonds v. Pennsylvania Board of Probation and Parole*, 143 A.3d 994, 997 (Pa. Cmwlth. 2016).

Here, it is immaterial that Parolee spent a single day in custody at SCI-Mercer. Parolee did not complete service for the minimum term on his new sentence until April 7, 2021, and he was therefore unavailable to begin service on his original sentence until that day. As such, he was unavailable to serve his original sentence on February 8, 2022, the single day he spent at SCI-Mercer. Likewise, Parolee did not post bail on any of his new criminal charges. *See* C.R. at 156,
**(Footnote continued on next page…)**

6

Accordingly, the present appeal is dismissed as moot.


_____
MICHAEL H. WOJCIK, Judge


Judge Wallace concurs in result only.


---

168. Thus, from April 28, 2021, to April 7, 2022, Parolee was not being held solely on the Board's detainer and he was not entitled to credit for time served toward his original sentence. Rather, consistent with *Gaito*, this period was correctly credited toward his new sentence. Ultimately, the Board correctly recalculated Parolee's maximum expiration date by adding 597 days to April 7, 2022, rendering his maximum sentence date as November 23, 2023.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rashaad Ponder,                          :
                                         :
                    Petitioner           :
                                         :
        v.                               : No. 1123 C.D. 2022
                                         :
Pennsylvania Parole Board,               :
                                         :
                    Respondent           :


# **O R D E R**


AND NOW, this 16th day of April, 2024, the petition for review filed in the above-captioned matter is DISMISSED as moot.


_____
MICHAEL H. WOJCIK, Judge