# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shane D. Hibbler,      :
     Petitioner   :
           :
           : No. 81 C.D. 2021
    v.      :
           : Submitted: July 30, 2021
Pennsylvania Parole Board,   :
     Respondent  :

BEFORE:  HONORABLE P. KEVIN BROBSON, President Judge
      HONORABLE PATRICIA A. McCULLOUGH, Judge
      HONORABLE ELLEN CEISLER, Judge

## _OPINION NOT REPORTED_

MEMORANDUM OPINION
BY JUDGE McCULLOUGH       FILED: November 4, 2021

    Kent D. Watkins, Esquire (Counsel), seeks to withdraw as counsel on behalf of petitioner, Shane D. Hibbler (Hibbler). Hibbler petitions for review of the order of the Pennsylvania Parole Board (Board), mailed on January 11, 2021, which determined that Hibbler was properly recommitted as a convicted parole violator (CPV) and that his new maximum sentence date was to be recalculated to account for 880 days remaining on his original sentence. Upon review, we grant Counsel's application to withdraw as counsel and affirm the Board's decision.

## Background

    The issues with regard to Hibbler's parole stem from his 2012 guilty plea to the manufacture, sale, delivery or possession with intent to deliver a controlled

substance in Schuylkill County. (Certified Record (C.R.) at 1.)[1] At the time of his sentencing, Hibbler's maximum sentence date was August 4, 2018. (*Id.*) On January 11, 2016, Hibbler was paroled to a community corrections center. (*Id.* at 4-7.)

On May 23, 2017, the Board issued a warrant to commit and detain Hibbler for technical parole violations, including failing to maintain regular contact with parole supervision staff as instructed and smoking marijuana, and Hibbler was arrested the same day.[2] (C.R. at 10-11, 14-15.) The Board issued a notice of charges and hearing to Hibbler on May 30, 2017, notifying him that a preliminary hearing would be held on June 1, 2017, in relation to the technical parole violations. (*Id.* at 11.) Hibbler then waived his right to counsel and a violation hearing, and admitted to the technical violations. (*Id.* at 13.) By decision mailed to Hibbler on June 23, 2017 (recorded on June 16, 2017), the Board recommitted Hibbler as a technical parole violator (TPV) to serve six months in a state correctional institution (SCI) based on his failure to report as instructed and his use of drugs. (*Id.* at 27-29.) The Board's decision indicated that Hibbler would be reparoled automatically, subject to specified conditions, before November 23, 2017, and further that Hibbler's maximum sentence date remained August 4, 2018. (*Id.*)

On July 17, 2017, the Reading City Police Department charged Hibbler with murder of the first degree, murder of the third degree, aggravated assault (two counts), possession of a firearm prohibited, carrying a firearm without a license, and possession of an instrument of crime (a weapon). (C.R. at 37-45.) The Court of Common Pleas of Berks County denied Hibbler bail the next day. (*Id.* at 68.) The Board issued a warrant to commit and detain Hibbler on July 21, 2017. (*Id.* at 30.) By

---

[1] Hibbler was also serving underlapping concurrent sentences for other drug charges.

[2] At the time of his arrest, Hibbler also had two scofflaw warrants from Schuylkill and Berks Counties. *See* Certified Record (C.R.) at 15, 17, 19.

decision recorded on October 10, 2017, the Board modified its June 16, 2017 action recommitting Hibbler as a TPV and detained Hibbler pending disposition of his new criminal charges. (*Id.* at 46-47.) The Board's decision again noted that Hibbler would be automatically reparoled by November 23, 2017, subject to specified conditions and pending resolution of his outstanding criminal charges. (*Id.*) The Board's decision further informed Hibbler that his maximum sentence date remained August 4, 2018, but that the date was subject to change if he was convicted of the new criminal charges. (*Id.*) Subsequently, effective August 4, 2018, the Board cancelled its warrant to commit and detain Hibbler upon the expiration of his maximum sentence date. (*Id.* at 48.) By decision recorded on September 10, 2019, the Board declared Hibbler delinquent for control purposes effective May 16, 2017. (*Id.* at 51.)

On April 8, 2020, Hibbler pled guilty in Berks County to third degree murder and possession of a firearm prohibited. (C.R. at 63-65, 69-70.) Hibbler was sentenced the same day to 10 to 25 years' confinement in an SCI for the third degree murder charge, and a concurrent 5 to 10 years' confinement in an SCI for the firearms charge. (*Id.*) He received 997 days of credit for time served. (*Id.* at 63, 69.) The Board then issued another warrant to commit and detain Hibbler on April 22, 2020, indicating that although Hibbler's original maximum sentence date of August 4, 2018, had passed, the date was being extended due to his new criminal convictions, and that his maximum date would be calculated upon recording of the Board's final action. (*Id.* at 52.)

On April 29, 2020, the Board issued a notice of charges and hearing, acknowledging Hibbler's new criminal convictions and notifying him that a revocation hearing would be held. (C.R. at 53.) The next day, Hibbler waived his rights to counsel and panel and revocation hearings, and admitted to his new criminal convictions. (*Id.* at 54-57.)

3

By Board action mailed on July 2, 2020 (recorded on June 26, 2020), the Board modified its October 10, 2017 decision by deleting the reparole portion, referred to that prior decision recommitting Hibbler as a TPV to serve 6 months' backtime, recommitted Hibbler to an SCI as a CPV to serve his unexpired term concurrently to his TPV backtime for a total of 2 years, 4 months, and 28 days, and recalculated his maximum sentence date as September 19, 2022. (C.R. at 126-27, 124-25.) The Board denied Hibbler credit for the time he spent at liberty on parole because he committed a new offense involving possession of a weapon and also committed a crime of violence under section 9714(g) of the Judicial Code, 42 Pa. C.S. § 9714(g), thus prohibiting the Board from awarding Hibbler credit. (*Id.* at 127.)

Hibbler filed an administrative remedies form on July 24, 2020, which the Board received on August 4, 2020. (C.R. at 131-32.) In his administrative appeal, Hibbler asserted, in pertinent part, as follows: (1) "I only had 13 months left until I maxed [out on my original sentence]"; and (2) "[e]ven [without] the street time I had over 4 years in jail. When the judge said no less than 3 year [sic] or more than 6 [years[3]]. This decision by parol [sic] isn't in line [with] that of the judge. It's unconstitutional." (*Id.* at 131.) Counsel thereafter entered his appearance on Hibbler's behalf. (*Id.* at 133.)

By decision mailed on January 11, 2021, the Board denied Hibbler's administrative appeal and affirmed its July 2, 2020 decision. (C.R. at 135-36.) In doing so, the Board first explained that Hibbler was paroled on January 11, 2016, with a maximum sentence date of August 4, 2018, leaving him with a total of 936 days remaining on his original sentence. (*Id.* at 135.) The Board also explained that its

---

[3] This appears to be a reference to Hibbler's original sentence of the three to six years that he received based on his guilty plea to the manufacture, sale, delivery or possession with intent to deliver a controlled substance in Schuylkill County. *See* C.R. at 1.

4

decision to recommit Hibbler as a CPV authorized the recalculation of his maximum sentence date to reflect that he received no credit for his time spent at liberty on parole. The Board did not grant Hibbler credit for his time spent at liberty on parole because the offense for which he was recommitted, i.e., third degree murder, prohibited the Board from awarding him any credit for time spent at liberty on parole. (*Id.* (citing section 6138(a)(2.1)(i) of the Prisons and Parole Code (Parole Code), 61 Pa. C.S. § 6138(a)(2.1)(i)).) The Board determined, however, that Hibbler was entitled to 56 days of presentence credit toward his original sentence for the time he was detained solely on the Board's warrant from May 23, 2017, to July 18, 2017. (C.R. at 136.) Subtracting 56 days from 936 left Hibbler with 880 days remaining on his original sentence. (*Id.*) The Board stated that any other time Hibbler spent incarcerated that was not credited to his original sentence would be calculated by the Department of Corrections and credited towards his new state sentence. (*Id.*) The Board further explained that a CPV who is released from an SCI and receives a new sentence to be served in an SCI must serve the original sentence first pursuant to section 6138(a)(5) of the Parole Code, 61 Pa. C.S. § 6138(a)(5). (C.R. at 136.) Therefore, because Hibbler was previously recommitted as a TPV, he became available to commence service of his original sentence on April 22, 2020, the day the Board relodged its detainer and commenced revocation proceedings. (*Id.*) Adding 880 days to that availability date yielded a recalculated maximum sentence date of September 19, 2022. (*Id.*) The Board therefore affirmed its July 2, 2020 decision.

Hibbler, with the assistance of Counsel, filed a petition for review with this Court, challenging the Board's January 11, 2021 decision on two bases. First, Hibbler argued that the Board failed to give him credit for all of the time he served exclusively on the Board's warrant. (Petition for Review ¶ 5.) Second, he argued that

5

the Board abused its discretion by not awarding Hibbler credit for all of the time he spent in good standing on parole.  (*Id.* ¶ 6.)[4]

## Discussion

Subsequent to the filing of the petition for review, Counsel filed an application to withdraw as counsel along with a no-merit letter.  Thus, before examining the merits of Hibbler's petition for review, we must first address Counsel's application to withdraw.  *Seilhamer v. Pennsylvania Board of Probation and Parole*, 996 A.2d 40, 42-44 (Pa. Cmwlth. 2010).  In order to withdraw, Counsel must fulfill the procedural requirements set forth in *Craig v. Pennsylvania Board of Probation and Parole*, 502 A.2d 758 (Pa. Cmwlth. 1985).  Under *Craig*, counsel must notify the petitioner of his request to withdraw, furnish the petitioner with either a copy of a brief complying with *Anders v. California*, 386 U.S. 738 (1967), or a no-merit letter satisfying the requirements of *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and inform the petitioner of his right to retain new counsel or submit a brief on his own behalf.  *Craig*, 502 A.2d at 760-61.  For counsel to withdraw pursuant to *Anders/Turner*,

> [t]he brief or letter must set forth (1) the nature and extent of counsel's review of the case; (2) the issues the petitioner wishes to raise; and (3) counsel's analysis concluding that the appeal is frivolous.

*Banks v. Pennsylvania Board of Probation and Parole*, 827 A.2d 1245, 1248 (Pa. Cmwlth. 2003).  If counsel satisfies these requirements, this Court will conduct its own

---

[4] Because Hibbler appears to have abandoned, on appeal, the constitutional issue he raised in his administrative appeal to the Board, it is waived, and we will not address it further.

review of the merits of the case. *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009). If the Court agrees with counsel, we will permit him to withdraw. *Id.*

Where an inmate has a constitutional right to counsel, an *Anders* brief is required and withdrawal is allowed where the appeal is wholly frivolous. *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 25-26 (Pa. Cmwlth. 2009) (en banc). If there is not a constitutional right to counsel, counsel may satisfy his obligations by filing a no-merit letter, rather than an *Anders* brief, and the standard is whether the claims on appeal are without merit. *Seilhamer*, 996 A.2d at 42 n.4. Because Hibbler does not have a constitutional right to counsel, we apply the lack-of-merit standard.[5]

In this matter, Counsel has satisfied his duty pursuant to *Craig*. Attached to Counsel's application to withdraw is a letter Counsel wrote to this Court and Hibbler indicating Counsel's intention to file an application to withdraw. (*See* Application to Withdraw as Counsel with *Turner* Letter, filed on May 4, 2021.) The letter notifies Hibbler of his right to retain substitute counsel, and to raise any other points deemed worthy of merit.[6] (*Id.*) In addition to his application to withdraw, Counsel filed a letter with this Court addressing the merits of Hibbler's case, which he also served on

---

[5] A constitutional right to counsel exists in a parole revocation matter where a parolee raises

> [a] colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

*Hughes*, 977 A.2d at 25-26 (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973)). Here, Hibbler is only seeking review of issues related to the recalculation of his maximum date, and, therefore, he has no constitutional right to counsel.

[6] Hibbler did not obtain substitute counsel or file a brief on his own behalf.

Hibbler. (*Id.*) The docket contains a certificate of service indicating that the application to withdraw and Counsel's letter to Hibbler and this Court were served on Hibbler. Furthermore, Counsel has also satisfied his duties pursuant to *Turner*. Counsel's letter to Hibbler and this Court sets forth the nature and extent of his review of the case and reflects that he has reviewed the record and applied the facts to the applicable law. Counsel's letter addresses the same issues that were raised in the petition for review and explains why Hibbler's contentions on appeal are meritless. As Counsel has satisfied his duties pursuant to *Craig* and *Turner*, we turn to our independent review of Hibbler's claims.[7]

Counsel first addressed Hibbler's claim that the Board erred by failing to give him credit for all of the time that he spent incarcerated solely on the Board's warrant. Counsel pointed out that the Board credited Hibbler with the 56 days he was detained between May 23, 2017, the date of the Board's warrant and Hibbler's arrest for technical parole violations, and July 18, 2017, the date he was arrested on the new criminal charges in Berks County and bail was denied. He thereafter remained incarcerated on the new criminal charges and the Board's warrant, or just the new criminal charges. Therefore, because Hibbler had 936 days left on his original sentence on January 11, 2016, the date he was paroled, the Board subtracted 56 days from 936 to get 880 days remaining on his original sentence. Adding that to his April 22, 2020 availability date yielded a recalculated maximum sentence date of September 19, 2022. Based on these facts, Counsel concluded that the Board correctly credited Hibbler with the 56 days of presentence confinement that was solely due to the Board's warrant, and that this issue is therefore without merit.

---

[7] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *McCloud v. Pennsylvania Board of Probation and Parole*, 834 A.2d 1210, 1212 n.6 (Pa. Cmwlth. 2003).

8

Second, Counsel addressed Hibbler's claim that the Board abused its discretion by denying him credit for his time spent at liberty on parole in good standing. Counsel explained that, pursuant to section 6138(a)(2) of the Parole Code, 61 Pa. C.S. § 6138(a)(2), the Board had no discretion to award Hibbler street time credit based on his new conviction for third degree murder. Counsel thus concluded that this issue is also without merit.

We first reject Hibbler's contention that the Board erred by failing to award him credit against his original sentence for all of the time he spent in custody solely on the Board's detainer. In *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 571 (Pa. 1980), the Pennsylvania Supreme Court held that if the parolee has met bail on the new charges, but remains in custody solely on the Board's detainer, then the time the parolee spends in custody "shall be credited against [the] original sentence." On the other hand, if the parolee "remains incarcerated prior to trial because [the parolee] has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to [the] new sentence." *Id.* Similarly, when a parolee "[i]s detained under both the Board's warrant and the new criminal charges, this time is properly allocated to his new criminal sentence." *Hammonds v. Pennsylvania Board of Probation & Parole*, 143 A.3d 994, 999 (Pa. Cmwlth. 2016). Only if "it is not possible to award all of the credit on the new sentence because the period of pre[]sentence incarceration exceeds the maximum term of the new sentence" may the excess time be applied to the parolee's original sentence. *Armbruster v. Pennsylvania Board of Probation & Parole*, 919 A.2d 348, 355 (Pa. Cmwlth. 2007) (emphasis omitted).

Applying these rules here, Hibbler was initially detained solely on the Board's warrant from his arrest on May 23, 2017, until he was arraigned on the new criminal charges and bail was denied on July 18, 2017, a period of 56 days. The Board

credited these 56 days to Hibbler's original sentence. (C.R. at 124.) The Board did not credit Hibbler's remaining presentence confinement time beginning on July 19, 2017, towards his original sentence because, at that time, Hibbler was detained on the new charges and on the Board's detainer up until the expiration of his maximum date on August 4, 2018, when the Board cancelled its detainer against him and he remained incarcerated only on the new charges. Therefore, the presentence confinement time beginning on July 19, 2017, must be applied to his new sentence, and, because there is no allegation that the remaining presentence confinement exceeds the maximum sentence on his new charges, Hibbler was not entitled to any further credit against his original sentence. *See Armbruster*, 919 A.2d at 355. The Board therefore did not err in crediting Hibbler only 56 days of presentence confinement time toward his original sentence. Hibbler's argument in this regard is, therefore, without merit.

Next, we address Hibbler's second argument that the Board abused its discretion by denying him credit for his time spent at liberty on parole in good standing. Pursuant to section 6138(a)(2) and (2.1) of the Parole Code, the Board's discretion is limited, as follows:

> (2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, **except as provided under paragraph (2.1)**, shall be given no credit for the time at liberty on parole.

> (2.1) The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:

>> (i) **The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa.C.S. § 9714(g)** (relating to sentences for second and subsequent

10

offenses) or a crime requiring registration under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

(ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

61 Pa.C.S. § 6138(a)(2) & (2.1) (emphasis added).[8]

Section 9714(g) of the Judicial Code lists "murder of the third degree" as a "crime of violence." 42 Pa. C.S. § 9714(g). Hibbler pled guilty to third degree murder under section 2502(c) of the Crimes Code, 18 Pa. C.S. § 2502(c) (providing that "[a]ll other kinds of murder[, i.e., not first or second degree murder,] shall be murder of the third degree[,]" which "is a felony of the first degree"). (C.R. at 69.) As such, pursuant to section 6138(a)(2.1)(i) of the Parole Code, the Board was precluded from exercising its discretion to award any credit for the time Hibbler spent at liberty parole. Therefore, we agree with Counsel that the Board did not err in denying Hibbler credit for his time spent at liberty on parole.

Accordingly, for the aforementioned reasons, we affirm the decision of the Board and grant Counsel's application to withdraw as counsel.

_____
PATRICIA A. McCULLOUGH, Judge

---

[8] We note that various sections of the Parole Code, including section 6138(a)(2) and (2.1), have recently been amended by the Act of June 30, 2021, P.L. 260, No. 59. We nevertheless reference the version of the Parole Code that was in effect at the time the Board rendered its decision in this matter.

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shane D. Hibbler,              :
         Petitioner     :
                    :
                    :   No. 81 C.D. 2021
         v.             :
                    :
Pennsylvania Parole Board,   :
         Respondent   :

## *__ORDER__*

AND NOW, this 4th day of November, 2021, the order of the Pennsylvania Parole Board, mailed on January 11, 2021, is AFFIRMED and Kent D. Watkins, Esquire's Application to Withdraw as Counsel is GRANTED.

_____
PATRICIA A. McCULLOUGH, Judge