IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Randell McPhaul,                          :
                    Petitioner            :
                                          :
        v.                                :
                                          :
Pennsylvania Parole Board,                :     No. 741 C.D. 2022
                    Respondent            :     Submitted: March 10, 2023


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                     FILED:  May 23, 2023


         Randell McPhaul (McPhaul) petitions this Court for review of the
Pennsylvania Parole Board's (Board) June 30, 2022 order affirming the Board's
order recorded January 31, 2022 (mailed February 2, 2022).  Essentially, there is one
issue before this Court: whether the Board erred by failing to credit McPhaul for the
time he served exclusively under the Board's warrant.[1]  After review, this Court
affirms.

---

[1] In his Statement of Questions Involved, McPhaul also presents the following issue: "Did
[the Board] hold [McPhaul's] revocation hearing within 120 days of official verification of his
conviction or return to a [State Correctional Institution (SCI)]?"  McPhaul Br. at 4.  McPhaul's
"Suggested Answer" is "Yes."  *Id.*  Further, in his Argument, McPhaul cites Section 71.4(1)(i) of
the Board's Regulations, 37 Pa. Code § 71.4(1)(i) (the 120-day rule only applies when a parolee
has not waived his right to a panel revocation hearing), and confirms:

> [McPhaul] was returned to a[n SCI] on November 18, 2021 ([*see*]
> Certified Record [(C.R.) at 54)[,] and waived his revocation hearing
> on January 18, 2022.  ([*See* C.R. at] 39-40).  The waiver is within
> 120 days from [McPhaul's] return to a[n SCI] and[,] therefore[,]
> **there is no ground for appeal of this issue**.

McPhaul Br. at 11 (emphasis added).  Accordingly, this Court need not further address that issue.

McPhaul[2] was serving a 1½- to 5-year sentence at the State Correctional Institution (SCI) at Benner Township for drug-related charges (Original Sentence) when the Board granted him parole on March 17, 2017. *See* Certified Record (C.R.) at 4-6. The Board did not release him on parole until June 26, 2017. *See* C.R. at 7. At that time, McPhaul's Original Sentence maximum release date was September 8, 2020, thus, he had 3 years, 2 months, and 13 days (i.e., 1,170 days) remaining on his Original Sentence. *See* C.R. at 6, 68.

As a condition of his parole, McPhaul consented to "refrain[ing] from owning or possessing any firearms . . . [,]" and agreed that if he was convicted of a crime while on parole, after a hearing, the Board could "recommit [him] to serve the balance of the sentence . . . [he] w[as] serving when paroled/reparoled, with no credit for time at liberty on parole." C.R. at 8; *see also* C.R. at 11. McPhaul also agreed that his "[p]arole release [was] subject to detainers." C.R. at 4.

McPhaul remained at liberty on parole until November 11, 2019, when the Pennsylvania State Police arrested him in Delaware County for the following charges: persons not to possess/use/manufacture, control, sell, or transfer firearms; firearms not to be carried without a license; prohibited offensive weapon; possession of marijuana; and possession of drug paraphernalia (New Charges), and detained him in the Delaware County Prison. *See* C.R. at 13, 20-25. The Delaware County Common Pleas Court set McPhaul's bail on the New Charges at $100,000.00/10%. *See* C.R. at 57. That same day, the Board issued a warrant to commit and detain McPhaul pending disposition of the New Charges. *See* C.R. at 12.

On November 25, 2019, the Board issued a notice of charges and scheduled McPhaul's detention hearing for December 2, 2019. *See* C.R. at 13. That same day, McPhaul waived his right to counsel and a detention hearing. *See* C.R. at

---

[2] McPhaul is currently incarcerated at SCI-Frackville. *See* inmatelocator.cor.pa.gov/#/Result (last visited May 22, 2023).

15, 26. By December 10, 2019 decision, the Board voted to detain McPhaul pending disposition of the New Charges. *See* C.R. at 25-31. On September 3, 2020, the Board cancelled its detainer effective September 8, 2020, because McPhaul's Original Sentence expired. *See* C.R. at 32. On October 22, 2020, McPhaul posted bail on the New Charges. *See* C.R. at 57.

On August 30, 2021, McPhaul pled guilty to the New Charges of possession of a prohibited firearm for which he was sentenced to 11½ months to 3 years of incarceration followed by 7 years of probation, and possessing a firearm without a license for which he was sentenced to concurrent probation (New Sentence). *See* C.R. at 45, 57. The Delaware County Common Pleas Court ordered McPhaul to report to the Delaware County Prison on October 29, 2021. *See* C.R. at 45.

On November 3, 2021, the Board lodged a warrant to commit and detain McPhaul, declaring: "Although [McPhaul's] [O]riginal [Sentence] maximum [release date] was [September 8, 2020], the maximum sentence is being extended due to a new conviction. The new maximum sentence [release date] will be computed upon recording of the Board's final action. [McPhaul] owes approximately 2 years, 4 months and 15 days." C.R. at 33. On November 17, 2021, the Board received verification of McPhaul's guilty plea. *See* C.R. at 42. On November 18, 2021, McPhaul was transferred to SCI-Smithfield. *See* C.R. at 56. On December 17, 2021, McPhaul was transferred to SCI-Frackville. *See* C.R. at 56.

On January 18, 2022, the Board issued a notice of charges and scheduled McPhaul's parole revocation hearing for January 28, 2022. *See* C.R. at 37. That same day, McPhaul waived his right to counsel, admitted to the New Charges, and waived his right to a panel hearing. *See* C.R. at 38-40.

By decision recorded January 31, 2022 (mailed February 2, 2022), the Board recommitted McPhaul to an SCI as a convicted parole violator (CPV) to serve

18 months of backtime. *See* C.R. at 51, 72-73. The Board exercised its discretion to "[d]eny [McPhaul] credit for only the current period at liberty on parole" because his New Charges involved weapons possession. C.R. at 49; *see also* C.R. at 48, 73. The Board recalculated McPhaul's Original Sentence maximum release date to April 11, 2025. *See* C.R. at 72.

On February 11, 2022, McPhaul, pro se, filed an Administrative Remedies Form, which the Board received on February 23, 2022, appealing from the Board's decision and seeking administrative review. *See* C.R. at 74-77. McPhaul argued that the Board did not timely conduct his revocation hearing within 120 days of his August 30, 2021 guilty plea, and the Board failed to grant him credit for the time from November 11, 2019 to September 8, 2020, and from October 29, 2021 to January 27, 2022. *See* C.R. at 75-76.

By March 4, 2022 letter, Kent D. Watkins, Esquire, entered his appearance for McPhaul. *See* C.R. at 78. By decision mailed June 30, 2022, the Board affirmed its decision recorded January 31, 2022 (mailed February 2, 2022), holding that when McPhaul waived his revocation hearing, he likewise waived his right to argue that it was not timely held, and the Board properly recalculated McPhaul's Original Sentence maximum release date to April 11, 2025, by adding 1,170 days to January 27, 2022. *See* C.R. at 80-82. McPhaul appealed to this Court.[3]

McPhaul argues that the Board erred by failing to give him credit for all time served exclusively on the Board's warrants. Specifically, McPhaul claims that he was eligible to begin serving the backtime on his Original Sentence as of November 18, 2021, the minimum term of his New Sentence. "Adding 1,170 days

---

[3] "This Court's 'review over actions of the Board is limited to determining whether the decision was supported by substantial evidence, whether an error of law occurred or whether constitutional rights were violated.' *Ramos v. Pa. Bd. of Prob.* [*&*] *Parole*, 954 A.2d 107, 109 n.1 (Pa. Cmwlth. 2008)." *Brown v. Pa. Bd. of Prob. & Parole*, 184 A.3d 1021, 1023 n.5 (Pa. Cmwlth. 2017).

4

to the date [he] was paroled to his backtime sentence results in a maximum sentence date of January 31, 2025[, thus McPhaul] should be given credit for an additional 70 days toward his backtime sentence." McPhaul Br. at 11-12.

> Section 6138(a)(1) [of the Prisons and Parole] Code [(Parole Code)] provides that any parolee who, during the period of parole, commits a crime punishable by imprisonment and is convicted or found guilty of that crime may be recommitted as a [CPV]. [*See*] 61 Pa.C.S. § 6138(a)(1). If the parolee is recommitted as a CPV, he must serve the remainder of the term that he would have been compelled to serve had parole not been granted (i.e., "backtime"), with no time for liberty on parole, unless the Board, in the exercise of its sole discretion, chooses to award credit. [*See*] Section 6138(a)(2), (2.1) of the [Parole] Code, 61 Pa.C.S. § 6138(a)(2), (2.1). If a new state sentence is imposed, the parolee [paroled from an SCI and whose new sentence will be served in an SCI] must serve the balance of the original sentence *prior* to commencement of the new term. [*See*] Section 6138(a)(5)(i) of the [Parole] Code, 61 Pa.C.S. § 6138(a)(5)(i).

*Hughes v. Pa. Bd. of Prob. & Parole*, 179 A.3d 117, 120 (Pa. Cmwlth. 2018).

Moreover,

the law is settled:

> [i]f a defendant is being held in custody *solely* because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his new sentence. If a defendant, however, remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence.

> *Gaito v. P[a.] B[d.] of Prob[.] [&] Parole*, . . . 412 A.2d 568, 571 ([Pa.] 1980) (emphasis in original); *Hammonds v. P[a.] B[d.] of Prob[.] [&] Parole*, 143 A.3d 994, 997 (Pa. Cmwlth. 2016).

5

*Hughes*, 179 A.3d at 121.  Finally, "[S]ection 6138(a)(5) [of the Parole Code] does not apply until the Board has revoked the reentrant."  *White v. Pa. Parole Bd.*, 276 A.3d 1247, 1253 (Pa. Cmwlth. 2022); *see also Campbell v. Pa. Bd. of Prob. & Parole*, 409 A.2d 980 (Pa. Cmwlth. 1980).

When the Board paroled McPhaul on June 26, 2017, he had 1,170 days remaining to be served on his Original Sentence.  The Board detained McPhaul on November 11, 2019, after his arrest on the New Charges.  Because McPhaul had not satisfied the bail requirements on the New Charges, from November 11, 2019 until September 8, 2020, McPhaul was being held under the Board's detainer **and** the New Charges.  Pursuant to Section 6138(a)(5)(i) of the Parole Code and *Gaito*, that time had to be credited to McPhaul's New Sentence rather than his Original Sentence.

In addition, McPhaul reported to the Delaware County Prison on October 29, 2021, and the Board lodged its detainer on November 3, 2021.  McPhaul admitted to the New Charges and waived his right to a panel revocation hearing on January 18, 2022.  However, McPhaul was not available to serve the backtime on his Original Sentence until the Board revoked his parole on January 27, 2022.[4]  *See White*; *see also Campbell*.  Adding 1,170 days to McPhaul's January 27, 2022 availability date, results in a recalculated Original Sentence maximum release date of April 11, 2025.  Accordingly, the Board properly credited McPhaul's Original Sentence and recalculated his new maximum release date to April 11, 2025.

Based on the foregoing, the Board's order is affirmed.

_____
ANNE E. COVEY, Judge

---

[4] McPhaul does not provide any support for his claim that he was eligible to begin serving the backtime on his Original Sentence as of November 18, 2021, when he had served the minimum term of his New Sentence.

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Randell McPhaul,                           :
                    Petitioner            :
                                          :
        v.                                :
                                          :
Pennsylvania Parole Board,                :       No. 741 C.D. 2022
                    Respondent            :

# O R D E R

AND NOW, this 23rd day of May, 2023, the Pennsylvania Parole Board's June 30, 2022 order is affirmed.

_____
ANNE E. COVEY, Judge