IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Korey Sitton,                               :
                        Petitioner          :
                                            :
        v.                                  :
                                            :
Pennsylvania Parole Board,                  :   No. 1327 C.D. 2024
                        Respondent          :   Submitted: June 3, 2025

BEFORE:    HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE MATTHEW S. WOLF, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                              FILED: July 7, 2025


        Korey Sitton (Sitton) petitions for review from the August 13, 2024,
final determination of the Pennsylvania Parole Board (Board). The Board affirmed
its prior March 5, 2024, order recalculating Sitton's maximum sentence date after
his conviction as a parole violator. Upon review, we are constrained to quash this
appeal.


## I. Factual and Procedural Background

        After pleading guilty in 2019 to possession of drugs with intent to
deliver in Cambria County, Sitton began serving a prison sentence with a minimum
sentence date of December 28, 2020, and a maximum sentence date of March 28,
2023. Certified Record (C.R.) at 6.[1] In April 2021, he was granted parole, and he
was released on June 16, 2021. *Id*. at 11 & 15.

_____

[1] Record references are to electronic pagination.

While on parole, Sitton was arrested and confined on March 23, 2022, on drug charges arising from a February 2, 2022, incident in Blair County. C.R. at 44. The Board issued a parole violation detainer warrant for him on March 24, 2022. *Id*. at 34. Sitton was also charged in April 2022 with drug charges arising from a February 21, 2022, incident in Blair County. C.R. at 41 & 46. Sitton did not post bail on either of the 2022 charges. *Id*. at 44 & 46.

On May 23, 2023, while Sitton was in the Blair County Prison on the 2022 charges, the Board cancelled its March 24, 2022, detainer warrant because the maximum sentence date on his original charges, which was March 28, 2023, had elapsed. C.R. at 36 & 126; Board's Br. at 3 & 9. The cancellation notice stated that it was effective "upon receipt." *Id*. at 36. The import of the notice was that as of May 23, 2023, although Sitton remained incarcerated on the 2022 charges, he was no longer subject to the Board's detainer warrant.

After Sitton pleaded guilty and was convicted of the 2022 charges, he was sentenced on January 2, 2024, by the Blair County Court of Common Pleas (sentencing court) to a concurrent period of 9 to 18 months in Blair County Prison with credit for time served "beginning March 24, 2023." C.R. at 47, 52 & 55-56. This led to Sitton's release from Blair County Prison on January 4, 2024, based on time served. *Id*. at 49.

On February 16, 2024, Sitton turned himself in and was returned to DOC custody on the Board's same-date detainer warrant for violating his June 2021 parole. C.R. at 37. He waived his right to a hearing and counsel for his parole revocation proceedings. *Id*. at 38 & 108. On March 4, 2024, Sitton was convicted of parole violation. *Id*. at 117.

When the Board recalculated Sitton's maximum sentence date for his 2019 convictions, he was given no credit for any time at liberty, confinement time, or backtime, the latter because he was never confined solely on a DOC detainer. C.R. at 124. The Board's worksheet reflects that Sitton was returned to DOC custody on February 16, 2024. *Id.* Based on his June 16, 2021, parole date, at that time Sitton still owed 650 days on his original sentence that had a maximum sentence date of March 28, 2023. *Id*. Therefore, the Board added 650 days to February 16, 2024, and calculated Sitton's new maximum sentence date to be November 27, 2025. *Id*. For violating his parole when he committed the offenses underlying the 2022 convictions, Sitton was also recommitted for 18 months. *Id*. at 127. In its accompanying March 5, 2024, decision, the Board explained that the 2022 convictions were the same or similar to the 2019 drug conviction, "thereby warranting denial of credit for time at liberty on parole." *Id*. at 128.

Sitton filed a timely administrative remedies form challenging the Board's March 2024 recalculation of his maximum sentence date. C.R. at 129. He asserted that when he was sentenced on January 2, 2024, for the 2022 convictions, the sentencing court "tried to structure" his sentence so that the 650 days he spent in prison on those charges, from March 24, 2022, through January 4, 2024 (which amounted to 1 year, 9 months, and 11 days, and which also totaled the 650 days he still owed on his original 2019 sentence), would be split as follows: "the sentencing judge intended for the first 1 year [and] 11 days to be credited to state parole for violation purposes and the second 9 months to be credited as the minimum for the new [Blair County] sentence." *Id*. at 130. Sitton asserted that when the Board recalculated his maximum sentence date, it should have given him credit for the time

3

he spent in Blair County Prison that exceeded the maximum sentence of 18 months that he ultimately received for the 2022 convictions. *Id*. at 131.

The Board issued its final determination on August 13, 2024. C.R. at 140. The Board stated that Sitton was not entitled to credit that would reduce the 650 days remaining on his original convictions because "the Board did not hold him solely on its detainer prior to his January 2024 sentencing on the 2022 charges." *Id*. at 141. The Board did not address Sitton's specific claim that he served longer after his March 2022 arrest than the maximum 18-month sentence he ultimately received on the 2022 convictions and that the overage should have been credited against the 650 days he had to serve on his original sentence.

Sitton filed a *pro se* appeal to this Court, which was postmarked on September 13, 2024, or 31 days after the Board's final determination. On October 18, 2024, this Court appointed counsel from the Forest County Public Defender's office to represent Sitton in this matter. Counsel filed an amended petition for review on November 12, 2024. On November 20, 2024, this Court directed the parties to address the timeliness of Sitton's appeal along with its merits. Order, Nov. 20, 2024. This matter is now ripe for review.

## II. Issues & Arguments

Sitton first argues that his appeal was timely because it was dated and provided to the authorities at State Correctional Institution (SCI) Forest, where he is incarcerated, on September 12, 2024, the last day for a timely appeal from the Board's August 13, 2024, final determination, even though the appeal was not postmarked until September 13, 2024. Sitton's Br. at 6.

4

On the merits, Sitton argues that the Board erred in not awarding him credit for time he served in Blair County Prison that exceeded his 18-month maximum sentence for the 2022 convictions. Sitton's Br. at 4. He avers that he spent 695 days in Blair County Prison, 547 of which represented the maximum sentence for the 2022 convictions, and that the remaining 148 days he served in the county prison should have been credited towards the 650 days remaining on his original sentence. *Id*. at 7-8.

The Board does not address the timeliness of Sitton's appeal. On the merits, it responds that Sitton's new maximum sentence date was properly calculated because he never made bail on the 2022 charges and was never solely incarcerated on the Board's detainer warrant while he was confined in Blair County Prison on those charges. Board's Br. at 11 (citing *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568 (Pa. 1990)). The Board adds that, to the extent the sentencing court believed it was structuring Sitton's sentence on the 2022 convictions in a way that would result in him serving the minimum nine months on the 2022 convictions and receiving the remainder of his time spent in Blair County Prison as backtime credit on his original sentence, the Board cannot correct errors by sentencing courts. *Id*. at 12-13.

## III. Discussion

### A. Timeliness of Sitton's Petition for Review to this Court

Pennsylvania Rule of Appellate Procedure 1512(a)(1) requires that a petition for review be filed with the prothonotary of the appellate court within 30 days after the entry of the order by the governmental agency. Pa.R.A.P. 1512(a)(1). A *pro se* prisoner's appeal shall be considered filed "when such appeal is deposited

with prison officials or placed in the prison mailbox." *Smith v. Pa. Bd. of Prob. & Parole*, 683 A.2d 278, 283 (Pa. 1996). Our Supreme Court has set forth the type of evidence a *pro se* prisoner may present to prove that he mailed the appeal within the deadline:

> As provided in Rule 1514, a Postal Form 3817, Certificate of Mailing, constitutes proof of the date of mailing. In *Smith*, we said that the "Cash Slip" that the prison authorities gave Smith noting both the deduction from his account for the mailing to the prothonotary and the date of the mailing, would also be sufficient evidence. We further stated in *Smith* that an affidavit attesting to the date of deposit with the prison officials likewise could be considered. This Court has also accepted evidence of internal operating procedures regarding mail delivery in both the prison and the Commonwealth Court, and the delivery route of the mail, to decide the last possible date on which the appellant could have mailed an appeal based on the date that the prothonotary received it. Proof is not limited to the above examples and we are inclined to accept any reasonably verifiable evidence of the date that the prisoner deposits the appeal with the prison authorities.

*Com. v. Jones*, 700 A.2d 423, 426 (Pa. 1997) (citation omitted).

The prisoner "bears the burden of proving that he or she in fact delivered the appeal within the appropriate time period." *Id.* The timeliness of an appeal goes to the Court's jurisdiction. *Brown v. Greene Cnty. Off. of Dist. Att'y*, 255 A.3d 673, 675 (Pa. Cmwlth. 2021). Normally, the date on a filing "would be insufficient as proof that the prisoner mailbox rule applies herein." *Enoxh v. Carter* (Pa. Cmwlth. No. 243 C.D. 2022, filed Aug. 25, 2023), slip op. at 7 n.9, 2023 WL 5498755, at *4 n.9 (unreported).[2] However, when a prisoner produces reasonably verifiable evidence or a sufficient explanation, this Court has accepted the filing as

---

[2] Unreported opinions of this Court filed after January 15, 2008, may be cited for their persuasive value. Pa.R.A.P. 126(b); 210 Pa. Code § 69.414(a).

timely under either the prisoner mailbox rule or on a *nunc pro tunc* basis. *Id.*, slip op. at 6-7 & n.9, 2023 WL 5498755, at \*\*3-4 & n.9.

However, when a prisoner does not produce any of the examples listed in *Jones* or other "reasonably verifiable evidence" to establish a timely mailing, this Court has no choice but to quash the appeal for lack of jurisdiction. For example, in *Christopher v. Pennsylvania Parole Board* (Pa. Cmwlth. No. 1880 C.D. 2019, filed March 17, 2021), 2021 WL 1017422 (unreported), the prisoner presented no evidence that his petition for review, which was received after the deadline, had been timely provided to prison authorities for mailing. *Id.*, slip op. at 6-7, 2021 WL 1017422, at \*4. We stated:

> Given the aforementioned lack of substantive evidence regarding the date upon which Christopher sent his initial petition for review . . . , we could not accept Christopher's argument without engaging in speculation or conjecture. For us to do so would improperly relieve him of his burden to prove timeliness.

*Id.*, slip op. at 8, 2021 WL 1017422, at \*4. In *Rashied v. Pennsylvania Parole Board* (Pa. Cmwlth., No. 1177 C.D. 2023, filed Nov. 18, 2024), 2024 WL 4814807 (unreported), the prisoner similarly presented no evidence to support his assertion of a timely filing. *Id.*, slip op. at 3, 2024 WL 4814807, at \*2. We concluded that in the absence of such evidence, the prisoner "benefits from the prisoner mailbox rule only to the extent of the postmark date on the Petition." *Id.*, slip op. at 3, 2024 WL 4814807, at \*2. Because the petition was postmarked four days after the deadline, we could not accept the filing as timely. *Id.*, slip op. at 3-4, 2024 WL 4814807, at \*2.

Here, the Board's final determination is dated August 13, 2024. C.R. at 140. As such, the deadline for Sitton to file his petition for review with this Court

7

was September 12, 2024, which was a Thursday. Sitton's petition is dated September 12, 2024. However, the envelope, which is of record, was postmarked on September 13, 2024, one day late. On October 18, 2024, we issued an order appointing the Forest County Public Defender to represent Sitton in this appeal and on November 12, 2024, counsel from that office entered an appearance on Sitton's behalf. On November 20, 2024, we issued an order advising the parties to address timeliness in their principal briefs "or in an appropriate motion." Order, Nov. 20, 2024.

Sitton did not file a separate motion regarding timeliness. His counseled brief explains that this appeal should be deemed timely filed on September 12, 2024, because, during the relevant period, Sitton was transferred more than once between prison facilities and was "unable to determine the proper source of assistance of counsel," which is reflected "by the decision being sent to a previous counsel for [Sitton]." Sitton's Br. at 6. Sitton's *pro se* petition states: "I've seeked [sic] counsel numerous times but was transferred 3 times to different SCIs. At this time I do not have a copy of the decision because I mailed [it] to an attorney for assistance. Also can you please assist me with counsel because I have none." Petition for Review at 1.

The Board's August 13, 2024, final determination was, as Sitton states, addressed to the attorney in Huntingdon County who assisted with Sitton's March 2024 appeal of the Board's initial determination in this matter. C.R. at 140. However, Sitton's petition does not state that he did not personally receive the determination in time to file a timely *pro se* appeal. His assertion that he did not have a copy of the determination to include with his petition was not because he did not receive it but because he had sent it to another attorney.

8

Sitton's efforts to secure counsel are understandable. Nevertheless, neither the record nor Sitton's filings to this Court include reasonably verifiable evidence that he actually provided his *pro se* petition for review of the Board's August 13, 2024, final determination to prison authorities for mailing to this Court on September 12, 2024, which would have been timely, as opposed to the petition's postmarked date of September 13, 2024, which was untimely. The record does include a copy of the cash slip he received in association with his March 2024 appeal of the Board's initial determination, which suggests at least a familiarity with the evidentiary requirements of timely prison filings. C.R. at 132. However, no cash slip or any other evidence for Sitton's September 2024 petition to this Court has been provided and the timeliness discussion in his brief does not assert that he could provide such evidence if given a further opportunity to do so.

As such, we are left without reasonably verifiable evidence showing that Sitton timely provided his petition to prison authorities for mailing to this Court on September 12, 2024. We cannot accept his assertion of timeliness "without engaging in speculation or conjecture. For us to do so would improperly relieve him of his burden to prove timeliness." *Christopher*, slip op. at 8, 2021 WL 1017422, at *4. We have only the postmark date of September 13, 2024, which renders Sitton's petition untimely. Accordingly, we are constrained to quash this appeal for lack of jurisdiction due to untimeliness.

## B. Recalculation of Maximum Sentence Date

The untimeliness of Sitton's appeal to this Court is jurisdictional and dispositive. However, we address the merits for completion's sake. When a parolee "[i]s detained under both the Board's warrant and the new criminal charges, this time

9

is properly allocated to [the] new criminal sentence." *Hammonds v. Pa. Bd. of Prob. & Parole*, 143 A.3d 994, 999 (Pa. Cmwlth. 2016). Only if "it is not possible to award all of the credit on the new sentence because the period of pre[ ]sentence incarceration exceeds the maximum term of the new sentence" may the excess time be applied to the parolee's original sentence. *Armbruster v. Pa. Bd. of Prob. & Parole*, 919 A.2d 348, 355 (Pa. Cmwlth. 2007), *superseded by statute on other grounds as recognized in Bailey v. Pa. Parole Bd.*, 323 A.3d 259 (Pa. Cmwlth. 2024) (emphasis omitted).

However, if the Board does not have a detainer warrant in place when the excess time is served and the excess time is less than the maximum sentence on the new charges, the excess time cannot be credited back to the original sentence. In *Johnson v. Pa. Parole Bd.* (Pa. Cmwlth. No. 873 C.D. 2020 & 1235 C.D. 2020, filed Feb. 25, 2022), 2022 WL 569427 (unreported), this Court stated:

> Moreover, we note that Johnson *was not detained on the Board's warrant for that entire time period*. Rather, Johnson was incarcerated on the Board's detainer only until August 29, 2017, when the Board cancelled its detainer warrant, thus reducing the period at issue to 643 days, which is less than the new sentences Johnson received in Carbon County. As such, *Armbruster* does not apply, and Johnson is not entitled to any further credit against his original sentence.

*Id.* at 18, 2022 WL 569427, at *9 (emphasis added).

Similarly, in *Hibbler v. Pa. Parole Bd.* (Pa. Cmwlth. No. 81 C.D. 2021, filed Nov. 4, 2021), slip op. at 9-10, 2021 WL 5114952, at *5 (unreported), this Court stated:

> The Board did not credit Hibbler's remaining presentence confinement time beginning on July 19, 2017, towards his original sentence because, at that time, Hibbler was detained on the new charges and on the Board's detainer

10

up until the expiration of his maximum date on August 4, 2018, *when the Board cancelled its detainer against him and he remained incarcerated only on the new charges.* Therefore, the presentence confinement time beginning on July 19, 2017, must be applied to his new sentence, and, because there is no allegation that the remaining presentence confinement exceeds the maximum sentence on his new charges, Hibbler was not entitled to any further credit against his original sentence.

*Id.* at 9-10, 2021 WL 5114952, at *5 (emphasis added).

Here, Sitton was initially arrested on the combined 2022 charges on March 23, 2022, and the Board issued a detainer warrant on March 24, 2022. After his guilty plea, he was sentenced on the 2022 convictions to concurrent terms of 9 to 18 months and released on January 4, 2024, based on time served. His total time served on the new charges was, therefore, 652 days.

During that time, on May 23, 2023, the Board canceled its March 24, 2022, detainer warrant, effective "upon receipt," because the maximum sentence date on Sitton's original charges elapsed on March 28, 2023. This meant that Sitton served 425 days under both the detainer and for the 2022 charges. Pursuant to *Hammonds*, those days were to be assigned to the 2022 charges. 143 A.3d at 999. Pursuant to *Armbruster*, because those 425 days did not exceed the 18-month maximum term for the 2022 charges, they were not credited to his original sentence. 919 A.2d at 355. Moreover, this left 227 days where Sitton was incarcerated on the 2022 charges but not subject to a Board detainer warrant. This time also did not exceed the 18-month maximum term for the 2022 convictions, so pursuant to *Johnson* and *Hibbler*, those days also were not credited to his original sentence. As such, even if Sitton's petition to this Court had been timely, his claims regarding the recalculation of his maximum sentence date for his original convictions were meritless.

11

## IV. Conclusion

For the foregoing reasons, we quash Sitton's petition for review due to lack of jurisdiction.

_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Korey Sitton,                          :
                                  Petitioner          :
                                              :
        v.                          :
                                              :
Pennsylvania Parole Board,             :     No. 1327 C.D. 2024
                           Respondent       :

# **O R D E R**

AND NOW, this 7th day of July, 2025, the Petition for Review filed in this matter by Korey Sitton is QUASHED as untimely filed.

_____
CHRISTINE FIZZANO CANNON, Judge